JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-08350-RGK (PLAx) | Date | October 16, 2012 |
|---|---|---|---|
| Title | *MARK NOLAN v. CARLOS PAREDES et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT

On September 27, 2012, Defendant Carlos Paredes, in pro se, removed this action from the Los Angeles County Superior Court on the basis of federal question and diversity jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1332.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

While federal question jurisdiction can stand where a federal statute creates a cause of action, 28 U.S.C. § 1331, federal courts will only consider federal issues that arise on the face of the complaint, *Taylor v. Andersen*, 234 U.S. 74, 75-76 (1914). Thus, an invocation of a federal law as a defense to the action is an insufficient basis to establish federal question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 39 (1987). In the case of diversity jurisdiction, federal courts can entertain actions where the amount in controversy exceeds $75,000, and the action is between citizens of different states. 28 U.S.C. § 1332. When determining the citizenship of a trust, the court will look to the citizenship of the trustee(s). *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Finally, the 30 day period for removal starts when the defendant receives the complaint and summons. 28 U.S.C. § 1446(b)(1).

Here, Defendant states that one basis for removal is that the claim arises under federal law. The Court's careful review of the Complaint filed by Mark Nolan, as trustee of the Mark Nolan living trust,

("Plaintiff") on June 6, 2012, shows that Plaintiff raised no federal question therein. Plaintiff's Complaint is a discrete action for unlawful detainer, an action which exclusively invokes authority pursuant to California statute. Defendant's assertion of federal law as a defense to the unlawful detainer action is the only invocation of federal law and is an insufficient basis to establish federal question jurisdiction.

Defendant also asserts diversity jurisdiction. Defendant states that the citizenship of Plaintiff is Nevada, the state in which the living trust was registered. However, as a living trust, the Plaintiff's citizenship is determined by the citizenship of its trustee, not the state in which it was registered. The trustee's citizenship is not indicated in the removal notice, and Defendant has failed to set forth facts showing that the trustee's citizenship is diverse. Therefore, Defendant has not met his burden to prove that removal is properly based on diversity jurisdiction.

Similarly, the removal notice does not indicate the date on which the summons and complaint were received to allow the Court to determine the start of 30 day removal period. The mere allegation of improper service is not a basis to extend or disregard the 30 day removal period. Because Defendant has not alleged the date of receipt of complaint, Defendant has not met the burden to prove that action was properly removed.

For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

           : 

Initials of Preparer